UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

CHRISTOPHER HANSEN, an individual,

                          Plaintiff,

v.

ORWALL INDUSTRIES, INC.,

                      Defendant.

_____/

## COMPLAINT

Plaintiff,  CHRISTOPHER HANSEN, by his undersigned counsel, hereby files this Complaint and sues, ORWALL INDUSTRIES, INC., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and  the Florida Building Code.

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2.      Plaintiff, CHRISTOPHER HANSEN, is a lifelong resident of Florida and currently lives in Miami, and is *sui juris*. He is a qualified individual with disabilities under the ADA law.  Christopher is a partial quadriplegic, as a result of a skimboarding accident in 2003. He is bound to ambulate in a wheelchair. Mr. Hansen owns his own vehicle and does drive. He

has visited the property which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3.      Defendant, ORWALL INDUSTRIES, INC., transacts business in the State of Florida and within this judicial district. Defendant in the owner, lessee, and/or operator of the real property and improvements which are the subject of this action located on or about 891 West 49th Street Miami, Florida (hereinafter the "facility").

4.      The Defendant's facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

5.      In this instance, Mr. Hansen, visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered  legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

6.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

7.      All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

**<u>FACTUAL ALLEGATIONS AND CLAIM</u>**

8.      Mr. Hansen has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

9.      Mr. Hansen intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

10.     Defendant has discriminated  against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

11.     Defendant has discriminated against Mr. Hansen by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability

3

(because of his disability) to access the facility and/or full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the facility include:

I.     AT LEAST ONE VAN ACCESSIBLE PARKING SPACE IS NOT
       PROVIDED AS REQUIRED IN PARKING LOT WITH TWO
       IDENTIFIED ACCESSIBLE PARKING SPACES.
       a.    Contrary to ADAAG 502, ADAAG 502.1, ADAAG 208.2.4
             and ADAAG 502.2.

II.    THE ACCESS AISLE SERVING TWO ADJACENT ACCESSIBLE
       PARKING SPACES IS NOT PROPERLY MARKED AS REQUIRED.
       a.    Contrary to ADAAG 502.3.3.

III.   BROKEN UNSTABLE ASPHALT AT THE GROUND SURFACE
       OF THE DESIGNATED ACCESSIBLE PARKING SPACES AND
       ACCESS AISLE SERVING THEM.
       a.    Contrary to ADAAG 502.4, ADAAG 302 and ADAAG 302.1

IV.    INACCESSIBLE DINING TABLES. REQUIRED MINIMUM KNEE
       AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES.
       a.    Contrary to ADAAG 226, ADAAG 226.1, ADAAG 902.2
             ADAAG 306.2, ADAAG 306.2.3, ADAAG 306.2.5, ADAAG
             306.3, and ADAAG 306.3.2.

V.     TOILET STALL DOOR SWINGS INTO THE REQUIRED CLEAR
       FLOOR SPACE OF URINAL.
       a.    Contrary to ADAAG 603.2.3.

VI.    INACCESSIBLE TOILET STALL COMPARTMENT. REQUIRED
       MINIMUM CLEAR WIDTH NOT PROVIDED AT TOILET STALL
       DOOR OPENING.
       a.    Contrary to ADAAG 404 and ADAAG 404.2.3.

VII.   REQUIRED MINIMUM SPACE NOT PROVIDED IN TOILET STALL
       COMPARTMENT.
       a.    Contrary to ADAAG 604.8.1.1.

VIII.  REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER
       CLOSET.
       a.    Contrary to ADAAG 604.3.1.

IX.    REQUIRED GRAB BAR NOT PROVIDED ON REAR WALL OF
       WATER CLOSET.
       a.    Contrary to ADAAG 604.5.

X.     INACCESSIBLE TOILET PAPER DISPENSER. NON COMPLIANT
       DISTANCE OF TOILET PAPER DISPENSER FROM WATER
       CLOSET.
       a.    Contrary to ADAAG 604.7.

12.    The above listing is not to be considered all-inclusive of the barriers, conditions or

violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an

inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

13.     Mr. Hansen has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

14.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv);  42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

15.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

16.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

17.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,**  Plaintiff  respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

 *s/ Lauren Wassenberg*
LAUREN WASSENBERG, ESQ.
*Attorney for Plaintiff*
Florida Bar No. 34083
1825 NW Corporate Boulevard
Suite 110
Boca Raton, FL 33431
(561) 571-0647

6